

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2008

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4410

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Smith" (2008). *2008 Decisions.* Paper 1574.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1574

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-4410

———————

UNITED STATES OF AMERICA

v.

DONNIEL L. SMITH,
Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 99-cr-0738-1
(Honorable Jerome B. Simandle)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2008
Before: SCIRICA, *Chief Judge*, BARRY and ROTH, *Circuit Judges*.

(Filed: February 20, 2008)

———————

OPINION OF THE COURT

———————

SCIRICA, *Chief Judge*.

Donniel Smith appeals his sentence, specifically the revocation of his supervised

release, resulting in a sentence of twenty-one months incarceration. We will affirm.[1]

---

[1] Smith's attorney filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and a
motion to withdraw as court-appointed counsel. Smith was provided with the opportunity
to file a pro-se brief but did not do so.

Smith was on supervised release. Conditions of release prohibited Smith from 1) committing a federal, state, or local crime; 2) frequenting places where controlled substances are illegally sold, used, distributed, or administered; and 3) associating with persons engaged in criminal activity, and associating with any person convicted of a felony unless granted permission to do so by a probation officer.

While attending a graduation ceremony, Smith and several others were taken in by the police for questioning regarding a homicide. The focus of the murder investigation, Aziz Gilliard, was sitting near Smith during the graduation. Gilliard had been arrested several times and had several felony charges against him. Smith informed his probation officer of the contact with law enforcement; she advised him to refrain from further association with Gilliard.

Seeking to arrest Gilliard, the Government executed a search warrant that included the home of Gilliard's ex-girlfriend who was living with her mother and brothers. At the time of the search, Smith was dating the mother of Gilliard's ex-girlfriend, spending one to two nights a week at the residence. During the search, police discovered 3,000 individually wrapped bricks of heroin stored in a refrigerator in the bedroom of Smith's girlfriend, a bedroom that Smith identified to the police as his. Smith's girlfriend told the police the drugs probably belonged to Smith and that he was involved in the sale of drugs. Gilliard had been in the residence the night before the search and had access to the refrigerator. Smith and Gilliard, though not close friends, were acquaintances.

Smith was arrested and charged with possession of a controlled dangerous substance with the intent to distribute, and distribution or possession of a controlled dangerous substance within 1,000 feet of a school. The Probation Office charged Smith with violating the three conditions of his supervised release. Following a revocation hearing, the District Court found Smith had violated all three conditions of his release and sentenced him to twenty-one months imprisonment.

Our review reveals defense counsel thoroughly considered all plausible bases for appeal and set forth in the *Anders* brief why such issues were legally frivolous. Counsel examined at length the revocation hearing record, the evidence, and other documents. Based on our own examination of the record, we conclude that counsel satisfied the requirements of Third Circuit Local Appellate Rule 109.2(a) under *Anders*.

Defense counsel raised four potential issues, discussing each in turn: 1) the revocation hearing was not conducted in accordance with constitutional due process; 2) the government failed to meet its burden; 3) the sentence was not legal; and 4) ineffective assistance of counsel. We do not ordinarily consider ineffective assistance claims on direct review, as such claims are "best decided in the first instance in a collateral action." *United States v. Thornton*, 327 F.3d 268, 272 (3d Cir. 2003).

First, the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972), established the minimum due process requirements for a revocation hearing.[2] Smith received written notice and disclosure of the evidence against him, exercised his ability to confront and cross-examine witnesses through counsel, and presented evidence in his own defense. The District Court executed a written statement of fact and conclusions supporting its decision to revoke supervised release. Accordingly, the revocation hearing was conducted in accordance with due process requirements.

Second, the District Court must find by a preponderance of evidence the defendant violated a condition of supervised release. *United States v. Loy*, 237 F.3d 251, 260 (3d Cir. 2001). The court may consider evidence that would otherwise not be admissible in an adversary criminal proceeding. *Morrissey*, 408 U.S. at 489. There is sufficient evidence to support the District Court's finding that Smith violated the three conditions of supervised release.[3]

---

[2] The minimum due process requirements are:
(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. *Morrissey*, 408 U.S. at 489.

[3] Smith violated the first two conditions of his release because heroin was found in Smith's self-proclaimed bedroom and his girlfriend told police that the heroin belonged to Smith and that he sold drugs. Smith's association with Gilliard violated the third

(continued...)

4

Third, under U.S.S.G. § 7B1.1(b), where there is more than one violation of the conditions of supervision, the grade is determined by the violation having the most serious grade. Violation of the first condition was a grade A violation, while violations of the second and third conditions were grade C. U.S.S.G. § 7B1.1(a)(1), (3). The grade A violation controlled, and carried a recommended sentence of eighteen to twenty-four months. The guideline calculation was not challenged at sentencing. The District Court imposed a sentence of twenty-one months, within the guideline range.

Accordingly, there are no non-frivolous arguments raised in this appeal.

For the foregoing reasons, we will affirm the judgment and sentence of the District Court. Defense counsel's motion to withdraw is granted.

---

[3](...continued)
condition of supervised release. Gilliard's ex-girlfriend admitted Gilliard and Smith were acquaintances, and that they were at her home at the same time the day before the warrant was executed. After the graduation ceremony, Smith's probation officer warned him against further contact with Gilliard.